IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| KARISSA CURTIS | * |
| c/o Barret Law Offices, PLLC | * |
| 5 West Hargett Street, Suite 910 | * |
| Raleigh, North Carolina 27601 | * |
| And | * |
| DESTANIE HOPPER | * |
| c/o Barret Law Office, PLLC | * |
| 5 West Hargett Street, Suite 910 | * |
| Raleigh, North Carolina 27601 | * |
| Plaintiffs, | * |
| v. | * Case No. _____ |
| AEI ENTERPRISE, INC. | * |
| 6161 McDaniel Lane | * |
| Charlotte, North Carolina 28213 | * |
| SERVE: David "Slim" Baucom | * |
| 6161 McDaniel Lane | * |
| Charlotte, North Carolina 28213 | * |
| And | * |
| DDDD, INC. | * |
| D/B/A THE GOLD CLUB OF CHARLOTTE | * |
| 6161 McDaniel Lane | * |
| Charlotte, North Carolina 28213 | * |
| SERVE: David "Slim" Baucom | * |
| 6161 McDaniel Lane | * |
| Charlotte, North Carolina 28213 | * |
| And | * |
| DBLL, INC. | * |
| D/B/A LEATHER & LACE GASTONIA | * |
| 6161 McDaniel Lane | * |
| Charlotte, North Carolina 28213 | * |

| | |
|---|---|
| SERVE: David "Slim" Baucom | * |
| 6161 McDaniel Lane | * |
| Charlotte, North Carolina 28213 | * |
| | * |
| And | * |
| | * |
| LEATHER & LACE, INC. | * |
| D/B/A LEATHER & LACE UNIVERSITY | * |
| 6161 McDaniel Lane | * |
| Charlotte, North Carolina 28213 | * |
| | * |
| SERVE: David "Slim" Baucom | * |
| 6161 McDaniel Lane | * |
| Charlotte, North Carolina 28213 | * |
| | * |
| And | * |
| | * |
| BLL ENTERPRISES, Inc. | * |
| D/B/A LEATHER & LACE SOUTHEND | * |
| 6161 McDaniel Lane | * |
| Charlotte, North Carolina 28213 | * |
| | * |
| SERVE: David "Slim" Baucom | * |
| 6161 McDaniel Lane | * |
| Charlotte, North Carolina 28213 | * |
| | * |
| And | * |
| | * |
| 200 W WOODLAWN ROAD, INC. | * |
| D/B/A THE GENTLEMEN'S CLUB | * |
| 6161 McDaniel Lane | * |
| Charlotte, North Carolina 28213 | * |
| | * |
| SERVE: David "Slim" Baucom | * |
| 6161 McDaniel Lane | * |
| Charlotte, North Carolina 28213 | * |
| | * |
| And | * |
| | * |
| DBD#1, INC. | * |
| D/B/A THE CRAZY HORSE SHOWCLUB | * |
| OF CHARLOTTE | * |
| 6161 McDaniel Lane | * |
| Charlotte, North Carolina 28213 | * |
| | * |

| | |
|---|---|
| SERVE:  David "Slim" Baucom | * |
| 6161 McDaniel Lane | * |
| Charlotte, North Carolina 28213 | * |
| | * |
| And | * |
| | * |
| DAVID "SLIM" BAUCOM | * |
| 6161 McDaniel Lane | * |
| Charlotte, North Carolina 28213 | * |
| | * |
| Defendants. | * |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT

Plaintiffs Karissa Curtis ("Curtis") and Destanie Hopper ("Hopper") (together, "Plaintiffs"), by and through undersigned counsel, hereby file this Complaint against David "Slim" Baucom, Individually ("Baucom"), and Baucom's several gentlemen's club business operations AEI Enterprises, Inc. ("AEI Enterprises"), DDDD, Inc. d/b/a The Gold Club of Charlotte ("Gold Club"), DBL, Inc. d/b/a Leather & Lace Gastonia ("L&L Gastonia"), Leather & Lace, Inc. d/b/a Leather & Lace University ("L&L University"), BLL Enterprises, Inc. d/b/a Leather & Lace Southend ("L&L South"), 200 W Woodlawn Road, Inc. d/b/a The Gentlemen's Club ("The Gentlemen's Club"), and DBD#1, Inc. d/b/a The Crazy Horse of Charlotte ("Crazy Horse") (together, Baucom's several gentlemen's club business operations are referred to as "Baucom's Clubs") (collective, all party Defendants are referred to as "Defendants") and herein seeks to recover damages arising out of violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* and the North Carolina Wage and Hour Act ("NCWHA"), N.C. Gen. Stat. § 95-25.6 *et seq.* as set forth below.

## JURISDICTION AND VENUE

1. This Court has federal question jurisdiction pursuant to 29 U.S.C. § 1331, based upon the claims brought under the FLSA, 29 U.S.C. § 201, *et seq.*

2. The United States District Court for the Western District of North Carolina has personal jurisdiction because Defendants operate each of their principal business offices in Charlotte, North Carolina, which is located within this District.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), inasmuch as Defendant operated and continues to operate several gentlemen's clubs in and around Charlotte, North Carolina, within the Western District of North Carolina, and a substantial part of the events or omissions giving rise to these claims occurred in this District.

4. The claims for violations of the NCWHA are based upon the statutory law of the State of North Carolina.

5. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367 for the pendent state claims because they arise out of the same nucleus of operative fact as the FLSA claims.

6. All the alleged causes of action can be determined in this judicial proceeding and will provide judicial economy, fairness, and convenience for the parties.

## **PARTIES**

7. Curtis is an adult domiciliary of Cleveland County, North Carolina.

8. Hopper in an adult domiciliary of Cleveland County, North Carolina.

9. Each Plaintiff affirms her consent, in the writing of this Complaint, to participate as a plaintiff in this action seeking recovery unpaid wages and other damages against Defendants under the FLSA and NCWHA.

10. Each of Baucom's Clubs are corporations formed under the laws of the State of North Carolina.

11. Each of Baucom's Clubs operate as gentlemen's clubs within the jurisdictional limits of North Carolina.

12. Each of Baucom's Clubs identify the following mailing address and principal office address with the North Carolina Secretary of State: 6161 McDaniel Lane Charlotte, North Carolina.

13. At all times during Plaintiffs' employment, Baucom, individually, was the controlling and managing officer and the primary owner of each of Baucom's Clubs.

14. At all times during Plaintiffs' employment, Baucom, individually, had the full power and authority to hire, fire, suspend, and otherwise discipline Plaintiffs and all employees working at each of Baucom's Clubs.

15. At all times during Plaintiffs' employment, Baucom, individually, had the full power and authority to control and direct the work schedule and work duties for Plaintiffs and all employees working at each of Baucom's Clubs.

16. At all times during Plaintiffs' employment, Baucom, individually, had the full power and authority to set the classification (as employee or contractor) and the rate and method of compensation for Plaintiffs and all employees working at each of Baucom's Clubs.

17. At all times during Plaintiffs' employment, Baucom, individually, had the full power and authority to control, manage, and supervise the day-to-day operations at each of Baucom's Clubs.

18. Collectively, Defendants (Baucom and Baucom's Clubs) operate as a "single enterprise employer" with gentlemen's club concepts and business operations at multiple locations in North Carolina.

19. In furtherance of Defendants' business purpose of operating multiple gentlemen's clubs, Defendants operate Baucom's Clubs as individual limited liability entities for the purpose of shielding Baucom from individual liability.

20. Notwithstanding that each location of Baucom's Clubs operates as a separate legal entity, the operations of Baucom's Clubs is centrally and commonly controlled and operated by Baucom, individually, as a single business operation.

21. Upon information and belief, Defendants use a common bookkeeper and payroll system for each of Baucom's Clubs, and, upon information and belief, the common bookkeeper and payroll system serves substantially the same function for each of Baucom's Clubs.

## COVERAGE

22. At all times material to this action, Defendants, jointly and collectively, qualified as Plaintiffs' employer within the defined scope of the FLSA, 29 U.S.C. § 203(d).

23. At all times material to this action, Plaintiffs were individual employees engaged in commerce or the production of goods within the scope of the FLSA, 29 U.S.C. §§ 206 and 207.

24. At all times material to this action, Defendants individually and collectively operated as an enterprise engaged in commerce or the production of goods for commerce as defined by the FLSA, 29 U.S.C. §§ 203(s), 203(r), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.

## FACTUAL ALLEGATIONS

25. At all relevant times, Defendants operated Baucom's Clubs, multiple gentlemen's clubs in the State of North Carolina featuring female exotic dancers.

26. At all relevant times, Plaintiffs' primary job duty while employed by Defendants at Baucom's Clubs in North Carolina was to perform as female exotic dancers for the entertainment of Defendants' customers at Baucom's Clubs.

27. During the period of Plaintiffs' employment, the number of shifts Plaintiffs worked varied from week to week.

28. During the period of Plaintiffs' employment, the exact number of hours Plaintiffs worked varied from week to week.

29. Hopper was employed by Defendants as an exotic dancer at Baucom's Clubs for the period of about 2012 through about 2020.

30. Curtis was employed by Defendants as an exotic dancer at Baucom's Clubs for the period of about 2015 through about 2020.

31. During the period of Plaintiffs' employment, the exact number of hours Plaintiffs worked varied from week to week.

32. During the period of Plaintiffs' employment, Plaintiffs customarily worked about 3-5 shifts per week for a total of about 20-30 hours per week.

33. Defendants have possession, custody, and control of time and/or sign in records and "house fee" payment records for Plaintiffs.

34. Agents on behalf of Defendants had actual knowledge of all hours Plaintiffs worked each shift through sign in or tip-in sheets, DJ records, and shift-managers monitoring and supervising Plaintiffs' work duties.

35. At no time during Plaintiffs' period of employment did Defendants ever pay Plaintiffs any wages for hours that Plaintiffs worked each week.

36. Defendants totally failed to pay wages or any kind of compensation to Plaintiffs for work duties performed.

**MISCLASSIFICATION AS INDEPENDENT CONTRACTORS**

37. Defendants misclassified Plaintiffs as independent contractors when Plaintiffs

should have been classified under the FLSA and NCWHA as employees.

38. Defendants controlled all aspects of the job duties Plaintiffs performed inside Baucom's Clubs through employment rules and workplace policies.

39. Defendants controlled the method by which Plaintiffs could earn money inside Baucom's Clubs by establishing dance orders, setting customer prices on private and semi-private exotic dances, and setting private and semi-private dance specials and promotions for customers.

40. Defendants required Plaintiffs to perform private and semi-private dances inside Baucom's Clubs under the pricing guidelines, policies, procedures, and promotions set exclusively by Defendants.

41. Defendants hired Plaintiffs to work as exotic dancers at Baucom's Clubs and had the ability to discipline, fine, fire, and adjust Plaintiffs' work schedules.

42. Defendants, through supervisors and managers, supervised the exotic dancer job duties of Plaintiffs inside Baucom's Clubs to make sure Plaintiffs' job performance inside Baucom's Clubs was of sufficient quality.

43. Defendants conducted initial interviews and vetting procedures for Plaintiffs, and, at Defendants' sole discretion, Defendants' management and/or ownership could deny Plaintiffs access or ability to dance and/or work at Baucom's Clubs.

44. Defendants had the right to suspend or send Plaintiffs home and away from any of Baucom's Clubs if Plaintiffs violated rules or policies or if Defendants' ownership or management, at its discretion, did not want Plaintiffs to work at any of Baucom's Clubs.

45. Plaintiffs were not required to have or possess any requisite certification, education, or specialized training as a condition of employment with Defendants at any of Baucom's Clubs.

8

Case 3:21-cv-00122-RJC-DSC   Document 1   Filed 03/24/21   Page 8 of 15

46. In addition to failing to pay Plaintiffs wages for hours worked, Defendants required Plaintiffs to pay Defendants or their ownership or management a house fee or kickback in the amount of about $15.00 - $45.00 or more for each shift Plaintiffs worked at Baucom's Clubs.

47. Without justification, Defendants regularly and customarily kept and/or assigned to management tips and gratuities Plaintiffs received from customers at Baucom's Clubs.

48. Defendants' ownership and management had actual knowledge that for at least the past twenty (20) years that exotic dancers working at or in Baucom's Clubs were employees and not independent contractors and were owed minimum wage compensation under the FLSA and NCWHA.

49. Upon information and belief, Defendants, including management and ownership, had actual or constructive knowledge that Defendants misclassified Plaintiffs as independent contractors, failed to pay them wages as required under the FLSA and NCWHA, unlawfully withheld or assigned tips Plaintiffs received from customers, and unlawfully charged Plaintiffs kickbacks, fines, and surcharges during their employment period.

50. Defendant has willfully violated the statutory rights of Plaintiffs under both the FLSA and the NCWHA, resulting in damages to Plaintiffs in the form of unpaid wages, in addition to liquidated damages, attorneys' fees and costs, prejudgment interest, and other damages permitted by applicable law.

## COUNT ONE
**Violation of the Fair Labor Standards Act**

51. Plaintiffs incorporate by reference all preceding paragraphs as if the same were repeated here verbatim.

52. Pursuant to the FLSA, 29 U.S.C. § 206, employers must pay non-exempt employees a minimum wage of $7.25 per hour for all hours worked.

53. The FLSA prohibits a taking or assignment by Defendants or Defendants' management or non-customarily tipped employees of tips or gratuities received by tipped employees from customers.

54. As set forth above, Defendants failed to pay Plaintiffs minimum wage compensation as required by the FLSA.

55. As set forth above, Defendants unlawfully kept and/or assigned tips and gratuities Plaintiffs received from customers.

56. Defendants must pay Plaintiffs a free and clear hourly rate the statutory minimum wage of $7.25 per hour for all hours worked, without any credit for the tips received by Plaintiffs.

57. As set forth above, Defendants willfully failed to pay Plaintiffs the statutory minimum wage rate by misclassifying them as independent contractors.

58. The foregoing conduct, as alleged above, constitutes willful violations of the FLSA within the meaning of 29 U.S.C. § 255(a), which permits the recovery of unpaid minimum wages for up to three (3) years, rather than two (2) years.

59. Similarly, for the reasons stated above, Defendants cannot affirmatively defend its failure to pay the appropriate minimum wage rate as having been done in good faith, entitling Plaintiffs to liquidated damages in an amount equal to the amount of unpaid wages under 29 U.S.C. § 216(b).

60. Defendants now owe Plaintiffs the following damages:
   a. Payment of all free and clear minimum wages due;
   b. Repayment of all tips and/or gratuities unlawfully deducted or assigned;
   c. Liquidated damages in an equal amount to unpaid wages and tip reimbursement due and owing;

d. Reasonable attorneys' fees and costs; and

e. All other legal and equitable relief as the Court deems just and proper.

## **COUNT TWO**
### Violation of the North Carolina Wage and Hour Act

61. Plaintiffs incorporate by reference all preceding paragraphs as if the same were repeated here verbatim.

62. At all relevant times, Defendants employed Plaintiffs within the meaning of the NCWHA.

63. Defendants employed Plaintiffs within the State of North Carolina.

64. Pursuant to the NCWHA, N.C. Gen. Stat. § 95-25.8, and the accompanying regulation, 13 N.C. Admin. Code 12 § .0305(g), "If an employer withholds or diverts wages for purposes not permitted by law, the employer shall be in violation of G.S. 95-25.6 . . . even if the employee authorizes the withholding in writing pursuant to G.S. 95-25.8(a), because that authorization is invalid."

65. The NCWHA further prohibits a taking or assignment by Defendants or its management or non-customarily tipped employees of tips or gratuities received by tipped employees from customers.

66. Regardless of whether Defendants may have received authorization otherwise in compliance with N.C. Gen. Stat. § 95-25.8(a), Defendants withheld Plaintiffs' wages "for purposes not permitted by law," as provided above, and are therefore liable for these unlawful withholdings.

67. Defendants unlawfully withheld and diverted funds from the compensation earned by Plaintiffs for an improper purpose, to offset Defendants' business expenses, including, but not limited to, the cost of employing other workers, in direct violation of the NCWHA.

68. Additionally, pursuant to the NCWHA, N.C. Gen. Stat. § 95-25.8(a)(3), an employer may only withhold or divert any portion of an employee's wages, "when the amount of the proposed deduction is not known and agreed upon in advance," after meeting several requirements, including, but not limited to: (1) receiving written authorization from each employee; (2) providing the reason for each deduction; (3) providing advance written notice of the actual amount to be deducted; and (4) providing written notice to employees of their right to withdraw authorization.

69. Beyond withholding Plaintiffs' wages "for purposes not permitted by law," Defendants violated N.C. Gen. Stat. § 95-25.8(a)(3) by not receiving sufficient authorization from Plaintiffs, including, but not limited to, failing to provide advance written notice of the actual amount to be deducted, or failure to provide written notice of employees' right to withdraw authorization.

70. As a result of Defendant's unlawful policies and practices, Plaintiffs have been deprived of compensation due and owing.

71. Consistent with the above, Defendants failed to pay Plaintiffs all owed and earned wages, in violation of N.C. Gen. Stat. § 95-25.6.

72. For the reasons stated above, Defendants cannot affirmatively defend its NCWHA violations as having been done in good faith, entitling Plaintiffs to liquidated damages in an amount equal to the amount of unlawful deductions, straight and/or promised wages consistent with § 95-25.6 and § 95-25.13, notification of payment of wages as required by federal and state law postings. All such damages are recoverable under N.C. Gen. Stat. § 95-25.22(a1).

73. Defendants owe Plaintiffs the following damages:

   a. Misappropriated and/or unlawfully deducted wages;

b.  Unpaid promised free and clear wages through posting requirements;

    c.  Liquidated damages in an equal amount;

    d.  Reasonable attorneys' fees and costs;

    e.  Prejudgment interest; and

    f.  All other legal and equitable relief as the Court deems just and proper.

## COUNT THREE
**Violation of Federal Fair Labor Standards Act Anti-Retaliation Protections**

74. Plaintiffs incorporate by reference all preceding paragraphs as if the same were repeated here verbatim.

75. In January and February 2021, Plaintiffs, through counsel, wrote Defendants' counsel a series of letters and pre-litigation settlement demands in which Plaintiffs alerted Defendants that (i) Defendants unlawfully misclassified Plaintiffs as independent contractors rather than properly classifying them as an employees; (ii) Defendants unlawfully charged Plaintiffs various fees, kickbacks, and sur-charges for dancing at Baucom's Clubs (e.g. house fees, DJ fees, etc.); (iii) Defendants unlawfully failed to pay Plaintiffs minimum wage compensation as required by Federal and North Carolina law; and (iv) Defendants now owe Plaintiffs "free and clear" minimum wage compensation for all hours that they worked, plus statutory liquidated damages as provided by Federal and North Carolina law, plus payment of their attorney's fees and costs.

76. Following Defendants' receipt of Plaintiffs' pre-litigation letters, Defendants, through agents and assigns, commenced a campaign of acts, statements, and rumors to embarrass and disparage Plaintiffs to Plaintiffs' work colleagues, associates, and other third parties and in so doing, falsely accused Plaintiffs of poor character, poor morals, and reputation.

13

77. Following Defendants' receipt of Plaintiffs' pre-litigation letters, Defendants took affirmative steps to contact other area businesses and gentlemen's clubs for the specific purpose of ensuring that other area businesses and gentlemen's clubs would terminate Plaintiffs' employment at the other gentlemen's clubs, not hire Plaintiffs as exotic dancers or in any capacity so as to "blackball" Plaintiffs in the exotic dance club industry and to cause Plaintiffs to suffer economic and emotional damages.

78. The FLSA provides that it is unlawful for any person to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or cased to be instituted any proceeding under [the FLSA]…" 29 U.S.C. § 215(a)(3).

79. Defendants' retaliatory, defamatory, and malicious acts and statements against Plaintiffs as described in this Count were in direct retaliation against Plaintiffs for Plaintiffs engaging in an FLSA protected activity.

80. Plaintiffs have suffered substantial economic and emotional damages arising out of Defendants' unlawful retaliatory acts in violation of the FLSA anti-retaliation protections.

**RELIEF SOUGHT**

WHEREFORE, Plaintiffs collectively pray that this Honorable Court:

1. Award Plaintiffs actual damages for all "free and clear" unpaid and misappropriated wages and/or tips found due to Plaintiffs and liquidated damages equal in amount, as provided by the FLSA and NCWHA.

2. Award Plaintiffs pre- and post-judgment interest at the statutory rate, as provided by the NCWHA and FLSA.

3. Award Plaintiffs attorneys' fees, costs, and disbursements as provided by the NCWHA and FLSA.

4. An award of economic and compensatory damages against Defendants, jointly and severally, in the amount of $250,000.00 to each Plaintiff as damages to each Plaintiff for economic loss and emotional suffering arising out of unlawful FLSA retaliation;

5. Award Plaintiffs further legal equitable relief as this Court deems necessary, just and proper.

Respectfully submitted this, March 24, 2021.

/s/ Josh Krasner_____
Joshua Krasner, Esq.
N.C. State Bar # 19132
Barrett Law Offices, PLLC
5 West Hargett Street, Suite 910
Raleigh, North Carolina 27601
(919) 999-2799 (ph)
Email: jkrasner@barrettlawoffices.com

/s/ Gregg C. Greenberg_____
Gregg C. Greenberg, Virginia Bar No. 79610
(To be Admitted by Pro Hac Vice)
ZIPIN, AMSTER & GREENBERG, LLC
8757 Georgia Avenue, Suite 400
Silver Spring, Maryland 20910
(301) 587-9373 (ph)
Email: GGreenberg@ZAGFirm.com

*Attorneys for Plaintiffs*